JD Haas, #AT0003014
**JD HAAS AND ASSOCIATES, PLLC**
9801 Dupont Avenue South, Suite 430
Bloomington, MN 55431
T: (952) 345-1025
E: jdhaas@jdhaas.com
*Attorneys for Plaintiff*
*Susan Stivers*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| SUSAN STIVERS,<br><br>          Plaintiff,<br><br>vs.<br><br>CAPITAL ONE BANK (USA) N.A.,<br><br>          Defendant. | Case No. 4:22-cv-00372<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. **TCPA, 47 U.S.C. § 227**<br>2. **Invasion of Privacy – Intrusion Upon Seclusion** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Susan Stivers ("Plaintiff"), through her attorneys, alleges the following against Capital One Bank (USA), N.A., ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic

- 1 -

dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

3. Subject matter jurisdiction of the Court arises under 47 U.S.C. § 227 et seq. and 28 U.S.C. 1331.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(1) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

5. Defendants transact business here; personal jurisdiction is established.

## PARTIES

6. Plaintiff is a natural person residing in the County of Benton, State of Iowa.

7. Defendant is engaged in the business of, with their principal place of business located in McLean, Virginia. Defendant can be served with process through its registered agent, Corporation Service Company, at 100 Shockoe Slip, 2nd Floor, Richmond, VA 23219.

- 3 -

8. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9. Defendant is attempting to collect a debt from Plaintiff.

10. In or around April 2022, Defendant began placing calls to Plaintiff's cellular phone, phone number ending in 4122, in an attempt to collect an alleged debt.

11. The calls placed by Defendant originated mainly from 800-435-1415, 800-955-6600, and 800-388-5333.

12. On or about April 14, 2022, at 2:34 p.m., Plaintiff heard a pause and recalls hearing a burst of dialing tones or beeps before the collection agent began to speak, indicating the use of an automated telephone dialing system. Plaintiff spoke with Defendant's representative from telephone number (800) 955-6600.

13. Defendant informed Plaintiff that it was attempting to collect a debt relating to her Capital One account.

14. During the call, Plaintiff explained that she was going through financial difficulties and was unable to make a payment. Thereafter, Plaintiff unequivocally revoked consent for Capital One to call her cellular

15. Despite Plaintiff's request not to be contacted, Defendant continued to call Plaintiff.

16. Defendant's incessant calls continued nearly every day until July 5, 2022.

17. Between April 14, 2022, and July 5, 2022, Defendant called Plaintiff no less than one **SIXTY-FIVE (65)** times. Of the calls received, no less than **THIRTY-FIVE (35)** were pre-recorded messages and/or voicemails.

18. Upon information and belief, Defendant's system "use[s] a random generator to determine the order in which to pick phone numbers from a preproduced list" as provided to it by Credit One and "then store[s] those numbers to be dialed at a later time." Facebook, Inc. v. Duguid, 592 U. S. ____, slip op. 10, n.7 (2021).

19. Upon information and belief, Defendant's equipment used to call Plaintiff has the capacity to store a telephone number using a random or sequential number generator and then dial those numbers at the appropriate times of the day so as to not call before the allowable times depending on the zip code where each of Defendant's customers reside.

20. Upon Information and belief, the dialing system used by Defendant will take the telephone numbers of customers who did not answer the phone and create a new list that has been stored in the dialing system. The new list will be re-sequenced using a sequential number generator to repeatedly dial those consumers until they answer the phone, or until they have reached the maximum number of calls allowed in a day.

21. Upon information and belief, Defendant called Plaintiff's cellular telephone

using an artificial prerecorded voice.

22. Upon information and belief, Defendant left automated voicemail messages on Plaintiff's cellular telephone.

23. Not only were Defendant's calls to Plaintiff a constant distraction to her daily life, the calls placed by Defendant were also a reminder of Plaintiff's financial situation, which caused her further stress and anxiety.

24. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, emotional and mental pain and anguish.

## COUNT I
## Defendant's Violations of the TCPA, 47 U.S.C. § 227

25. Plaintiff re-alleges and incorporates by reference paragraphs one (1) through twenty-five (25) as though set forth at length herein.

26. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

    a. Within four years prior to the filing of this action, on multiple occasions, Defendants violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or

any service for which the called party is charged for the call.

b. Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

27. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
**Defendant's Invasion of Privacy**
**(Intrusion upon Seclusion)**

28. Plaintiff re-alleges and incorporates by reference paragraphs one (1) through twenty-eight (28) as though set forth at length herein.

29. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

a. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt

to collect on an alleged debt despite numerous requests for the calls to cease.

b. Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls that interrupted Plaintiff's work and sleep schedule.

c. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

30. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages. If the Court finds that the conduct is found to be egregious, Plaintiff may recover punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Jennifer Boots, respectfully requests judgment be entered against Defendant Capital One Bank (USA), N.A., for the following:

A. Declaratory judgment that Defendant violated the TCPA;

B. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

C. Actual and punitive damages resulting from the invasion of privacy;

D. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

E. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

              RESPECTFULLY SUBMITTED,

Date: November 3, 2022

            By: */s/JD Haas*
            JD Haas, #AT0003014
            **JD HAAS AND ASSOCIATES, PLLC**
            9801 Dupont Avenue South, Suite 430
            Bloomington, MN 55431
            T: (952) 345-1025
            E: jdhaas@jdhaas.com
            *Attorneys for Plaintiff*
            *Susan Stivers*